UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JOHN J. SHALAM                                       :
                                                     :
                        Plaintiff,                   :
                                                     :
- against -                                          :    05CV3602 (HB)
                                                     :
KPMG, LLP, et. al,                                   :    <u>OPINION & ORDER</u>
                                                     :
                        Defendants.                  :
                                                     :
------------------------------------------------------------x

**Hon. HAROLD BAER, JR., District Judge:**

    This civil action is before me on a motion to dismiss by several Defendants. For the reasons set forth below, the motion is GRANTED and Plaintiffs' Complaint is dismissed.

### I.  BACKGROUND

    Plaintiff alleges that he was defrauded through the marketing and sale of tax advice. The facts below are drawn from the allegations in the Complaint and are presumed to be true for purposes of this motion to dismiss.

    Plaintiff is the founder and CEO of Audiovox Corporation, a publicly traded company. He claims that in early 2000, his personal accountant, KPMG, was aware that he intended to sell his Audiovox stock and would realize a significant amount of taxable income. He alleges that KPMG and other Defendants helped him to implement a tax strategy known as BLIPS to create a capital loss to off-set against his capital gains in his 2000 taxes. The IRS has since denounced this tax shelter. KPMG has entered into a Deferred Prosecution Agreement with the federal government in a criminal investigation based on tax shelters, including BLIPS, and eight former officers have been indicted. (<u>United States v. KPMG LLP</u>, No. 05 Cr. 903, S.D.N.Y.)

1

Plaintiff asserts six claims: (1) securities fraud pursuant to § 10(b) of the Exchange Act, (2) professional malpractice, (3) fraudulent inducement, (4) negligent misrepresentation and constructive fraud, (5) declaratory judgment and (6) various quasi-contract claims.

According to the Complaint, Shalam's BLIPS transaction was as follows: On January 14, 2000, "defendants caused Congo Ventures LLC ("Congo") to be formed as the limited liability company through which defendants arranged that Mr. Shalam would make the investment" in BLIPS. Complaint at ¶ 113. Plaintiff claims that in early 2000, his personal accountant, KPMG was aware that he intended to sell Audiovox stock and would realize significant capital gain. He alleges that KPMG induced him to engage in the BLIPS tax strategy to lower what he would owe the IRS, and that KPMG and Brown & Wood knowingly misrepresented to him that it was "more likely than not" that BLIPS would survive court scrutiny as a viable tax shelter. Shalam relied on these representations and omissions and entered the shelter in 2000 for that year's tax returns. In 2004, the IRS disavowed the BLIPS tax benefit and as a result, Shalam claims that he had to pay millions in federal and state taxes and interest. Brown & Wood and KPMG provided Shalam with opinion letters in September and November 2000, respectively. In January 2002, KPMG wrote Shalam to inform him of an announcement by the IRS about the shelter and to encourage him to make disclosure of his BLIPS transaction. A month later, Brown & Wood sent a similar letter, but did not purport to provide any definite advice as to whether the Plaintiff should participate in the IRS's disclosure program. As recently as August 2005, KPMG admitted to fraudulent conduct in connection with BLIPS and other shelters.

## II.   DISCUSSION
### A. Applicable Legal Standard

When ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must construe all factual allegations in the complaint in favor of the non-moving party. <u>Allen v. Westpoint-Pepperell, Inc.</u>, 945 F.2d 40, 44 (2d Cir. 1991). The Court's consideration is limited to facts stated on the face of the complaint and in documents appended to the complaint or incorporated in the complaint by reference, as well as to

matters of which judicial notice may be taken. Id. Dismissal of a claim is proper only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). There is a heightened standard of pleading in claims of fraud or mistake. Fed. R. Civ. P. 9(b) requires "circumstances constituting fraud or mistake shall be stated with particularity."

**B. Statute of Limitations**

A plaintiff must bring a Section 10(b) claim within "2 years after the discovery of the facts constituting the violation," or "5 years after such violation," whichever comes first. 28 U.S.C. § 1658(b).

Shalam's Section 10(b) claims are time-barred under the five-year limitations period because the only securities transaction alleged in the Complaint, Shalam's February 2000 Audiovox stock sale, occurred on February 25, 2000, more than five years before the present suit, which was filed on April 7, 2005. As such, the Court need not discuss whether Shalam's Complaint is barred by the two-year limitations period.

Shalam argues that when fraudulent acts occur after the relevant securities transaction, the limitations period runs from the last of those acts. Unfortunately, this is not the law. The statute of limitations in federal securities law cases "starts to run on the date the parties have committed themselves to complete the purchase or sale transaction." Grondahl v. Merritt & Harris, Inc., 964 F.2d 1290, 1294 (2d Cir. 1992) citing Radiation Dynamics, Inc. v. Goldmuntz, 464 F.2d 876, 891 (2d Cir. 1972)(emphasis omitted)(A cause of action under Section 10b starts to run on the date that the purchase or sale of securities in question occurred.); see also, In re Adelphia Communs. Corp. Sec. & Derivative Litigation, 2005 U.S. Dist. LEXIS 14444, at *10 (S.D.N.Y. Jul. 8, 2005). When the harm or damage happens does not matter for statute of limitation purposes. Grondahl, 964 F.3d at 1294.

Because this shelter is founded on a complicated tax strategy, Shalam argues that I should look at the tax strategy as a whole and the limitations period should not start until the date the fraudulent opinion letters were sent in September and November 2000. But the cases he cites to support this argument did not address limitations issues, but rather they focus on whether the Private Securities Litigation Reform Act ("PSLRA") applies in actions

3

where the securities were just a component of a larger transaction that included non-securities transactions. S.E.C. v. Zandford, 535 U.S. 813, 153 L. Ed. 2d 1, 122 S. Ct. 1899 (2002)(held that securities fraud exists where "securities transactions and breaches of fiduciary duty coincide."); Ling v. Deutche Bank, 2005 U.S. Dist. LEXIS 9998 (S.D.N.Y. May 26, 2005)(Baer, J.). To be subject to the PSLRA, the allegedly fraudulent activity must be in connection with the purchase or sale of securities. This has no bearing on when the statute of limitations period begins. The underlying policy of the PSLRA was and is that it be applicable to actions with some connection to the purchase or sale of securities. That policy would not be served if the start of the limitations period could be shifted by additional interactions or communications between the parties. See, e.g., Zola v. Gordon, 685 F. Supp. 354, 364 n.10 (S.D.N.Y. 1988).

Also, a subsequent action that serves only to complete a transaction, essentially the hook on which the Plaintiff hangs his Complaint, does not effect the onset of the statute of limitations. Isanka v. Spectrum Technologies USA Inc., 131 F. Supp. 2d 353, 359 (N.D.N.Y. 2001). When stripped of its outer arguments, all that matters is the date the Plaintiff sold his stock. None of the Defendants' subsequent actions – sending letters, signing tax returns, etc. –bear on when the limitations period began.

As such, Plaintiff's securities fraud claims are barred by the Statute of Limitations pursuant to 28 U.S.C. § 1658(b). Having dismissed the federal claims, the Court declines to exercise supplemental jurisdiction over the remaining state-law claims.

### III. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is GRANTED. The Clerk of the Court is instructed to close any open motions and remove this case from my docket.

**SO ORDERED.**

September __, 2005
New York, New York

_____
U.S.D.J.